IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLIFFORD EDWARD STIVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00624 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJ, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Clifford Edward Stiver, Jr., a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail ("Jail"), Sgt. Sabo, Lt. Dunford, and Officers Moore and Clatterbuck. Counsel for the Jail has construed Stiver's claims as against the Southwest Virginia Regional Jail Authority ("Jail Authority")[1] and moved to dismiss the claims against the Jail Authority. The court has reviewed the pleadings and will grant the Jail Authority's motion to dismiss.

## I.

Stiver alleges that, on or about November 6, 2021, he was placed on suicide watch while he was housed at the Jail's Abingdon, Virginia facility. Stiver claims that, at the time, he was "cycling though [his] ailments of a mental form." (Compl. at 4 [ECF No. 1].) Stiver states

---

[1] The court notes that the Jail would not be a proper defendant to this action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and Stiver cannot maintain this action against the Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Accordingly, where Stiver refers to the Jail in his complaint, the court will construe his claims as against the Jail Authority.

that he "told the officers to please put [him] in the [restraint] chair so [that he would not] hurt [him]self," but "they refused, and they knowingly and willingly put [him] in danger." (*Id.*) Stiver alleges that he told the officers that he has "impulses at times and that they were not controllable," but the officers "didn't care and blew [him] off." (*Id.*)

While he was in his cell, Stiver claims that he began "punching [him]self in the face non[-]stop on both sides to cause a little swelling," and Officers Moore and Clatterbuck "called [him] names" and "made comments encouraging [him] to self[-]harm." (*Id.* at 4-5.) Stiver alleges that, after he stopped hitting himself, he tried to "slit [his] wrist on some metal embedded in the concrete." (*Id.* at 5.) As he was doing this, he claims that Officer Moore "looked through the window and said, 'make sure you do it right[,] go up and down[,] that's it[,] come on[,] keep trying, try harder, what are you doing[,] look[,] you are to[o] dumb and stupid to kill yourself right.'" (*Id.*) Stiver alleges that supervisors Lt. Dunford and Sgt. Sabo "were told but not one thing was done" until three weeks later when Lt. Dunford interviewed him about the incident. (*Id.* at 6.)

Stiver argues that the officers and their supervisors put him "in danger." (*Id.*) He also summarily argues that the Jail "allowed harm to come to [him] and sanctioned it." (*Id.*)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and

must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Stiver brings this action against the Jail Authority. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Stiver does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered. Therefore, the court concludes that Stiver has failed to state a cognizable federal claim against the Jail Authority.

**IV.**

For these reasons, the court will grant the Jail Authority's motion to dismiss and terminate the Jail/Jail Authority as a defendant. The court notes that Stiver's claims against Lt. Dunford, Sgt. Sabo, and Officers Moore and Clatterbuck remain pending.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 1st day of June, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE